UNITED STATES of America,
Plaintiff–Appellee,

v.

Ricardo CRUZAGOSTO, Defendant–
Appellant.

No. 12–30152.

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2013.*

Filed June 21, 2013.

James Barkeley, Assistant U.S., Thomas Bradley, Jo Ann Farrington, Office of the U.S. Attorney, Anchorage, AK, William C. Brown, Esquire, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Robert Michael Leen, Esquire, Law Office of Robert M. Leen, Woodinville, WA, for Defendant–Appellant.

Before TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

MEMORANDUM **

Ricardo Cruzagosto appeals from the district court's order denying his motion under 18 U.S.C. § 3582(c)(2) for reduction of sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cruzagosto contends that he is entitled to a sentence reduction under Amendments 748 and 750 to the Sentencing Guidelines. We review de novo. *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir.2009). The district court correctly determined that it was without authority to reduce Cruzagosto's 168–month sentence, as that sentence was at the bottom of the amended advisory Sentencing Guidelines range. *See* 18 U.S.C. § 3582(c)(2) (permitting reduction of sentence only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"); U.S.S.G. § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range").

Cruzagosto nonetheless argues that the district court should have treated his four-level variance as a "guideline application decision[ ]" entitled to consideration under U.S.S.G. § 1B1.10(b)(1). The language of and commentary to section 1B1.10(b)(2)(A) squarely foreclose his position. *See* U.S.S.G. § 1B1.10(b)(2)(A) & cmt. n. 3 (subsection (b)(2)(A) applies even where the district court imposed a downward variance at sentencing).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.